**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**

v.                                                Case No. 4:92cr4013-WS
                                                   Case No. 4:09cv223-WS/WCS

**ERROL MORRISON,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION TO DISMISS PETITION**

Defendant Morrison filed a document labeled a "**WRIT OF ERROR AUDITA QUERELA**," providing in the space for the title, "**THIS IS NOT A MOTION PURSUANT TO TITLE 28 U.S.C. § 2255**." Doc. 1891. It was referred to the undersigned for review. Doc. 1893.

In his pleading, "Defendant raises, as a matter of law, objections against the consequences of a prior judgment of this Court rendered on May 13, 1993, Case No. TCR 92-04013-WS." *Id.*, p. 1. Defendant claims that the rationale of United States v. Booker, 543 U.S. 200, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), applies here. *Id.*, pp. 3-15. For relief, he seeks correction of his PSR, correction of the judgment to reflect an

adjusted term of imprisonment and supervised release, and to have the option of resentencing under the guidelines, now advisory under Booker. *Id.*, p. 20.

Defendant is a federal prisoner challenging the judgment and sentence, and is not entitled to a writ of audita querela. United States v. Holt, 417 F.3d 1172, 1174-75 (11th Cir. 2005). In Holt, the prisoner filed a motion for writ of audita querela seeking relief under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004), the case following Apprendi and preceding Booker.[1] Mr. Holt, like Defendant Morrison, argued that the court could vacate his conviction or sentence pursuant to a writ of audita querela as this was a legal objection which did not exist at the time the judgment was entered. 417 F.3d at 1174. The court held:

> [A] writ of audita querela may not be granted when relief is cognizable under § 2255. Because, in the instant case, Holt is collaterally attacking his sentence as violating the United States Constitution, the proper avenue of relief is § 2255. *See* 28 U.S.C. § 2255.

*Id.*, p. 1175. Though the court could liberally construe the motion as a § 2255 motion, the district court lacked jurisdiction to consider it because authorization for filing had not been granted by the Eleventh Circuit. *Id.* (citations omitted).

---

[1] In Apprendi the Court confirmed (as it had previously implied) that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000). In Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004), the Court applied Apprendi to a sentence enhanced under state sentencing guidelines; and in Booker, the Court applied Apprendi and Blakely to the Federal Sentencing Guidelines.

Here, too, Defendant Morrison has already been denied § 2255 relief,[2] and must obtain authorization from the Eleventh Circuit before filing a second or successive § 2255 motion. § 2255 ¶ 8 (referencing § 2244); § 2255 Rule 9 ("[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8.").

As authorization has not been granted, this court lacks jurisdiction. The restrictions on filing a second or successive motion can not "be evaded by the simple expedient of labeling second or successive filings to be something they are not." Gonzalez v. Secretary for the Dept. of Corrections, 366 F.3d 1253, 1277, n. 10 (11th Cir. 2004) (en banc).[3]

Defendant also claims that since the Booker opinion "created a new interpretation of the guidelines, effect of the finality of the judgment can be appealed and modified under Title 18 U.S.C. § 3582(b)(3) and 3742(a)(2) based on the mandatory application of the sentencing guidelines." Doc. 1891, p. 15.

These sections do not authorize review. Section 3742, governing review of a sentence on direct appeal, is inapplicable here, as this case is many years past the

---

[2] See docs. 1214, 1217, and 1218 (report and recommendation as adopted by the court and judgment entered on July 2, 2003). A certificate of appealability for appeal was granted but the denial of § 2255 relief affirmed. Docs. 1248, 1270, and 1280.

[3] The opinion was affirmed (but with a different analysis of the Fed.R.Civ.P. 60 issue) in Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). *See* Jackson v. Crosby, 437 F.3d 1290, 1294-95 and n. 6 (11th Cir. 2006) (noting that the Supreme Court did not disturb the full en banc decision in Gonzalez).

direct appeal.[4]  Section § 3582(b)(3) provides that although a sentence may be "appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742," the judgment still "constitutes a final judgment for all other purposes."  It has no apparent relevance here.

It may be that Defendant intended to cite § 3582(c)(3), regarding modification of an imposed term of imprisonment based on a retroactive amendment to the sentencing guidelines.  Even so, Defendant is not entitled to relief.  *See* United States v. Melvin, 556 F.3d 1190, 1192-93 (11th Cir.), *cert. denied*, 129 S.Ct. 2382 (2009) (Booker and Kimbrough[5] do not apply in § 3582(c)(2) proceedings); United States v. Moreno, 421 F.3d 1217, 1220-21 (11th Cir. 2005) (§ 3582(c)(2) did not provide a jurisdictional basis to reduce sentence; "*Booker* is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission" and therefore "inapplicable to § 3582(c)(2) motions.").  *See also* 421 F.3d at 1220 (noting that Booker does not apply retroactively on collateral review, and the Supreme Court has not made it retroactive "for purposes of authorizing a second or successive § 2255 motion.") (citations omitted).

---

[4] In Booker, the Court severed § 3742(e) and imposed a "reasonableness" standard of review for guidelines sentences. *See* Cunningham v. California, 549 U.S. 270, 286-287, and n. 11,127 S.Ct. 856, 867, 166 L.Ed.2d 856 (2007) (discussing Booker).

[5] Kimbrough v. United States, __ U.S. __, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007).

It is therefore respectfully **RECOMMENDED** that Defendant Morrison's petition for writ of audita querela (doc. 1891) be **SUMMARILY DISMISSED** as an attempt to file an unauthorized second or successive § 2255 motion.

**IN CHAMBERS** at Tallahassee, Florida, on July 10, 2009.

 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**